JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Evan Price | Good Shepherd Rehabilitation Network |

| (b) County of Residence of First Listed Plaintiff    Lehigh | County of Residence of First Listed Defendant    Lehigh |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>John S. Harrison and Kevin H. Conrad<br>Broughal & DeVito, L.L.P.<br>38 W. Market Street, Bethlehem, PA 18018; (610) 865-3664 | Attorneys *(If Known)*<br>Unknown. |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government<br>     Plaintiff
- ☒ 3   Federal Question<br>     *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government<br>     Defendant
- ☐ 4   Diversity<br>     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |     of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | ☐ 690 Other |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |     Medical Malpractice | |     Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other | ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original<br>    Proceeding
- ☐ 2 Removed from<br>    State Court
- ☐ 3 Remanded from<br>    Appellate Court
- ☐ 4 Reinstated or<br>    Reopened
- ☐ 5 Transferred from<br>    Another District<br>    *(specify)*
- ☐ 6 Multidistrict<br>    Litigation -<br>    Transfer
- ☐ 8 Multidistrict<br>    Litigation -<br>    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 12112(a)

Brief description of cause:
Disability Discrimination in Violation of the ADA

| VII. REQUESTED IN<br>COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION<br>UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint:<br>JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S)<br>IF ANY | *(See instructions:)*    JUDGE | DOCKET NUMBER |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/08/2018 | John S. Harrison, Esquire |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 747 N. 9th Street, Allentown, PA 18102

Address of Defendant: _____ 850 South 5th Street, Allentown, PA 18103

Place of Accident, Incident or Transaction: _____ 850 South 5th Street, Allentown, PA 18103

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/08/2018 _____ *Attorney-at-Law / Pro Se Plaintiff*   53864 _____ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ John S. Harrison _____, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 11/08/2019 _____ *Attorney-at-Law / Pro Se Plaintiff*   53864 _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EVAN PRICE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| GOOD SHEPHERD REHABILITATION | : | |
| NETWORK | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x)

| | | |
|---|---|---|
| 11/8/2018 | | John S. Harrison |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (610) 865–3664 | (610) 865–0969 | johnharrison@broughal-devito.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| EVAN PRICE, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action |
| | ) | |
| v. | ) | No. _____ |
| | ) | |
| GOOD SHEPHERD REHABILITATION | ) | |
| NETWORK, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Evan Price ("Plaintiff"), by and through his attorneys, Broughal & DeVito, L.L.P., files this Complaint against Defendant, Good Shephard Rehabilitation Network, in avers:

### NATURE OF THE ACTION

1.     This civil action arises and asserts claims of disability discrimination in employment under and in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 *et seq.* ("PHRA").

### JURISDICTION AND VENUE

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal-law ADA claim.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law PHRA claim because it arises from the same events as Plaintiff's federal claim.

4.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district, and § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this district.

## PROCEDURAL PREREQUISITES

5.     Plaintiff exhausted the administrative remedies available to him as a prerequisite to filing this action.

6.     Plaintiff dual-filed a Charge of Discrimination, No. 530-2018-04594, which was received by the United States Equal Employment Opportunity Commission ("EEOC") on June 28, 2018.

7.     The EEOC issued to Plaintiff on August 13, 2018 a Notice of Right to Sue; this action is filed within ninety (90) days of that Notice.

## FACTS

8.     Plaintiff is an adult male individual presently residing at 747 N. 9th Street, Allentown, Pennsylvania 18012.

9.     Defendant, Good Shepherd Rehabilitation Network, is a Pennsylvania corporation not for profit, with its registered address and principle place of business at 850 S. 5th Street, Allentown, Pennsylvania, 18103.

10.     Defendant employed more than twenty (20) people at all material times.

11.     Defendant hired Plaintiff as a Registered Nurse ("RN") on or about September 2, 2008.

12.     Plaintiff is, and was at all times material to this Complaint, an individual with a disability, for purposes of the ADA and PHRA.

13.     Plaintiff suffers from degenerative disc disease lumbar (722.52) (M51.36); foraminal stenosis of lumbar region (724.02) (M99.83); lumbar disc herniation (722.10) (M51.26); and left lumbar radiculopathy (724.4) (M54.16) (hereinafter collectively, "Back Conditions").

14.     Plaintiff's Back Conditions were initially diagnosed in or about July 2017.

15.     Plaintiff's Back Conditions substantially limit him in major life activities including standing, bending, stooping, kneeling, lifting and similar physical activities.

16.      While employed by Defendant, Plaintiff took a medical leave beginning on or about August 2018 as a result of his Back Conditions.

17.     Plaintiff was eligible for, and took, continuous leave under the Family and Medical Leave Act ("FMLA") in 2017 related to his Back Conditions.

18.     By letter dated October 25, 2017, Defendant informed Plaintiff that his FMLA leave was exhausted as of November 7, 2018 and that he was converted to a non-FMLA medical leave running concurrent with this FMLA leave for a maximum of one hundred eighty (180) days.

19.     Defendant's October 25, 2017 letter informed Plaintiff that he would be transferred to non-FMLA medical leave if not cleared to return to work; the October 25, 2017 made no mention of Plaintiff's right to request a reasonable accommodation which might allow him to return from his FMLA leave.

20.     While on medical leave, in December 2017, Plaintiff made a request to Defendant to be considered for a reasonable accommodation for his Back Conditions that would allow him to return to work from medical leave.

21.     Plaintiff requested—as a reasonable accommodation for his Back Conditions—that Defendant allow him to sit during charting as needed, and to have assistance when transferring patients who were too heavy for him to transfer on his own.

22.     Upon information and belief, Defendant allows RNs who do not have a disability but who are smaller and lighter in build, to have assistance from a Certified Nurses Aid ("CNA") when such assistance is needed in transferring or lifting a patient who his to heavy for the RN to lift on his/her own.

23.     Plaintiff, through correspondence from counsel dated December 5, 2017, reiterated his request for a reasonable accommodation and requested a dialogue to explore potential accommodation(s).

24.     Defendant did not engage in any dialogue with Plaintiff about his requested accommodation and whether it, or another reasonable accommodation, would allow him to return to work in his position as a RN.

25.     Rather, Defendant informed Plaintiff it was unwilling to grant that accommodation and, instead, informed Plaintiff that he could be transferred to an alternative, vacant, non-clinical position.

26.     When presented with the option of this transfer to another position, Plaintiff requested information about the unidentified position into which Defendant proposed to transfer Plaintiff—including the responsibilities and rate of pay for the unspecified position.

27.     Defendant never responded to Plaintiff's requests for information about the unspecified alternative position.

28.     Ultimately, by letter dated January 19, 2018, Defendant summarily rejected Plaintiff's requests for accommodation regarding his RN position—despite not having engaged in a meaningful dialogue with Plaintiff regarding accommodation(s) which would permit Plaintiff to return to an RN position—and incorrectly asserted that Plaintiff "denied consideration for being transferred to a vacant position."

29.     Plaintiff did not reject consideration of an alternate position; rather, Plaintiff requested information regarding what position(s) Defendant was proposing as an alternative.

30.     Defendant terminated Plaintiff's employment on or about March 8, 2018 by letter incorrectly stating that Plaintiff had resigned; Plaintiff did not resign his employment with Defendant at any time.

## COUNT I

## VIOLATION OF ADA

31.     Plaintiff incorporates herein by reference all foregoing paragraphs as though the same were set forth at length.

32.     Plaintiff has a disability under the ADA and had such a disability at all times material to this action.

33.     Defendant was aware of Plaintiff's disability.

34.     Plaintiff was qualified for the position of RN at Defendant.

35.     At all times material hereto, Plaintiff was capable of performing the essential functions of his position with a reasonable accommodation.

36.     Plaintiff requested, in good faith, a reasonable accommodation from Defendant for his disability.

37.     Plaintiff's requests for a reasonable accommodation for his disability constitute protected conduct under the ADA.

38.     Defendant's conduct included failing to engage in good faith in the interactive process as required under the ADA.

39.     Defendant's conduct included failing to grant Plaintiff a reasonable accommodation for his disability.

40.     Defendant's refusal to engage in good faith in the interactive process with Plaintiff, refusal to provide Plaintiff with a reasonable accommodation, and treatment of Plaintiff less favorably than non-disabled RNs discrimination in violation of the ADA.

41.     Defendant's refusal to engage in a good faith dialogue and to provide any information about the allegedly proposed alternative position, and termination of Plaintiff's employment constitute retaliation for Plaintiff's request for reasonable accommodation, in violation of the ADA.

42.     Defendant's actions were intentional and conducted with malice and reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant with an award as follows: back pay, in an amount to be determined at trial; front pay, in an amount to be determined at trial; compensatory damages for Plaintiff's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to his professional reputation, in an amount to be determined at trial; punitive damages, in an amount to be determined at trial; attorney fees and costs; and any other relief this Honorable Court deems necessary and just.

## COUNT II

## VIOLATION OF PHRA

43.     Plaintiff incorporates herein by reference all foregoing paragraphs as though the same were set forth at length.

44.     Defendant's conduct described above constitutes failure to accommodate, disability discrimination, and retaliation in violation of the PHRA.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an award as follows: back pay, in an amount to be determined

-7-

at trial; front pay, in an amount to be determined at trial; compensatory damages for Plaintiff's non-economic damages including, but not limited to, pain and suffering, emotional distress and damage to his professional reputation, in an amount to be determined at trial attorney fees and costs; and any other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

45.     Plaintiff requests a trial by jury on all claims and issues so triable.

BROUGHAL & DeVITO, L.L.P.

Date:  November 8, 2018          By:     _____

**John S. Harrison, Esquire**
Attorney I.D. #53864
**Kevin H. Conrad, Esquire**
Attorney I.D. #312209
38 W. Market Street
Bethlehem, PA  18018
Telephone No.:  (610) 865-3664
Facsimile No.:  (610) 865-0969
johnharrison@broughal-devito.com
kevinconrad@broughal-devito.com
*Counsel for Plaintiff*